# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ANDREW SAUL[1], ) <br> ACTING COMMISSIONER OF ) <br> SOCIAL SECURITY ) <br> ) <br> Defendant. ) | Case No. CIV-18-1109-F |

## ORDER

Pursuant to plaintiff's motion for attorney fees (doc. nos. 24, 25 ) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, plaintiff seeks an award in the amount of $9,891.70 for attorney fees for all work performed in this case. Plaintiff submits documentation which supports the requested fee.

The defendant Commissioner has not objected to the specific amount of the fee if a fee is awarded under the EAJA, but the Commissioner objects to the motion on the ground that Commissioner's position was substantially justified. Doc. no. 26.

"Under the EAJA, the government bears the burden of showing that its position was substantially justified." Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991); Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) ("Commissioner had the burden of proof to show that her position was substantially justified"). To carry its burden, "the government must prove that its case had a

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d). Section 205(g) of the Social Security Act states that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security. 42 U.S.C. § 405(g).

reasonable basis in law and in fact.  The term 'substantially justified' has been defined as 'justified . . . to a degree that could satisfy a reasonable person.'" <u>Estate of Smith</u>, 930 F.2d at 1501 (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988)) (citation omitted); <u>Hackett</u>, 475 F.3d at 1172.  Courts "consider the reasonableness of the position the [Commissioner] took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits." <u>Gutierrez v. Sullivan</u>, 953 F.2d 579, 585 (10th Cir. 1992); <u>Hackett</u>, 475 F.3d at 1172.  The Commissioner's position may be substantially justified even if it was not correct.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 566 at n.2 (1988).

After careful review, the court concludes that the Commissioner has not carried his burden to show that his position was substantially justified.

Plaintiff's motion is GRANTED.  Plaintiff is AWARDED attorney fees under the EAJA in the amount of $9,891.70, payable to plaintiff in care of her counsel.  If plaintiff's counsel also receives attorney fees under 42 U.S.C.§ 406(b) of the Social Security Act, then plaintiff's counsel shall refund the smaller award to plaintiff pursuant to <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10 Cir. 1986).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Attorney Fees is hereby approved in the amount of $9,891.70.

IT IS SO ORDERED this 28th day of October, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-1109p003.docx